UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEONARD CONNER,

        Petitioner,

        -v-                                07-CV-6230 (MAT)
                                              **ORDER**

THOMAS POOLE, Superintendent

        Respondent.

---

## I.   Introduction

On or about May 4, 2007, Petitioner Leonard Conner ("Conner" or "Petitioner") filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for Robbery in the First Degree and Burglary in the First Degree in Wayne County Court, following a jury trial. (Dkt. #1). By Decision and Order dated March 30, 2010, this court dismissed Conner's petition and denied a certificate of appealability, finding that Conner failed to make a substantial showing of the denial of a constitutional right. (Dkt. #28). On or about April 6, 2010, Petitioner filed a Notice of Appeal. (Dkt. #30). Now before this Court is Petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). (Dkt. #32).[1] The reader is presumed to be familiar with the facts of this case,

---

[1] This Court will presume timeliness of Petitioner's motion and entertain said motion pursuant to Fed. R. Civ. P. 60.1, which provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may deny the motion." Fed. R. Civ. P. 60.1(a)(2); see also Thorpe v. Luisi, 2005 WL 1863671 (S.D.N.Y. 2005).

which were detailed in the Court's Decision and Order of March 30, 2010. (Dkt. #28).

**II. Discussion**

   **A.   The Rule 60(b) Motion**

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) is the "catch-all" of Rule 60(b), which allows vacatur in the interest of justice for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(6).

Importantly, Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986); see also Harris v. United States, 367 F.3d 74, 77 (2d. Cir. 2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'").

The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris, 367 F.3d at 77; accord Gitten v. United States, 311 F.3d 529, 532 n. 4 (2d Cir. 2002). When a habeas petitioner files a Rule 60(b) motion, however, the district court must determine whether the motion is, in substance, a successive habeas petition under 28 U.S.C. § 2244 of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and thus subject to AEDPA's "gatekeeping" requirement that a successive habeas petition be pre-certified by the Second Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law.

When presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying

conviction 'as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (2d Cir.2004) (quoting Gitten, 311 F.3d at 534).

The Supreme Court in Gonzalez explained the circumstances under which a motion seeking to reopen a habeas proceeding should be treated as a second or successive habeas petition under the AEDPA, and not a Rule 60(b) motion, stating that

> regardless of the label used by a petitioner, 'a motion is treated as a successive habeas petition when it seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'

Gonzalez, 545 U.S. at 532 (emphasis added) (footnote omitted). By "on the merits," the Supreme Court in Gonzalez was referring to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4. Thus, when a petitioner "asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) [in a motion styled as a Rule 60(b) application] he is making a habeas corpus claim." However, the Supreme Court explained, the petitioner is not making a habeas claim if he "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or

statute-of-limitations bar." Id. Thus, a motion is appropriately considered to be a Rule 60(b) motion when "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state [or federal] conviction." Id. at 533; see also id. at 538 (holding that the petitioner's Rule 60(b) motion should not have been construed as a successive habeas petition because it challenged only the district court's failure to reach the merits due to a misapplication of AEDPA's statute of limitations). Under Gonzalez, the argument raised in Conner's motion for relief from judgment could be construed as within the scope of Rule 60(b), insomuch as he purports to challenge only the "integrity" of the habeas proceeding.[2] Pet'r. Motion for Reconsideration of 04/29/10, 1. (Dkt. #32).

To review, Petitioner asserted numerous grounds for relief in his original petition, two of which were related to the allegedly improper show-up procedure and subsequent in-court identifications of Petitioner by Rolanda Jones and Lakeisha Jones, respectively. See Decision and Order dated March 30, 2010, Section IV, 3. (Dkt. #28). The Court dismissed the petition, and determined said identification claims were procedurally barred from habeas review because they had been raised in Conner's second New York Criminal Procedure Law ("CPL") § 440.10 motion and denied by the Wayne

---

[2] Conner does not specify under what subsection of Rule 60(b) he seeks relief.

5

County Court on state procedural grounds pursuant to CPL § 440.10(2)(a) and (c). See Memorandum-Decision of the Wayne County Court (Hon. John B. Nesbitt) of 06/28/06. Petitioner now asserts that this Court "mechanically dismiss[ed] the [identification] claims on a[n] erroneous and [sic] non-existent procedural default." Pet'r Motion for Reconsideration, 6. (Dkt. #32). To this extent, his motion can be considered under subsection (1) of Rule 60(b), which allows a litigant relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[3]

Nonetheless, the Court finds that Conner's motion does not present sufficient grounds for relief as enumerated in subsection (1) of Rule 60(b). Conner has failed to establish that the Court's March 30, 2010 determination that Petitioner's identification claims (related to Rolanda Jones and Lakeisha Jones) were procedurally barred was a mistake or incorrect. Instead, he submits only various conclusory assertions that appear to be rooted primarily in his dissatisfaction with the outcome of the proceeding.

The Court has reviewed its Decision and Order of March 30, 2010, and finds no basis for questioning its conclusion that the

---

[3] The other subsections of Rule 60(b) are inapplicable here. While subsection (6) is also known as Rule 60(b)'s catchall provision, the Second Circuit has made clear that a district court may consider a motion under that provision "only if the other, more specific grounds for relief encompassed by [Rule 60(b)] are inapplicable." Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)) (additional citation omitted).

identification issues related to Rolanda Jones and Lakeisha Jones were procedurally barred from habeas review and properly dismissed on that ground.

## III. Conclusion

Accordingly, for the foregoing reasons, Conner's motion for reconsideration is denied with prejudice. The Court declines to issue a certificate of appealability as Petitioner has not made a showing of a substantial denial of a constitutional right. 28 U.S.C. § 2253(c).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   May 18, 2009
         Rochester, New York